UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| EARL C. CARROLL, | ) | CASE NO. 4:05CV1854 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| COUNTY OF TRUMBULL, et al. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

The above case is before the undersigned on motions for summary judgment filed by Defendants Vienna Township Police Officer Brian Darby (Defendant Darby) and Vienna Township Police Department (Defendant Vienna Township)(ECF Dkt. #41), Defendants Trumbull County Sheriff Department Deputy Anthony Diehl and County of Trumbull (Defendant Trumbull County) (ECF Dkt. #37), and Defendants Brookfield Township Police Officer Ronald Mann (Defendant Mann) and Brookfield Township (Defendant Brookfield Township)(ECF Dkt. #36).

For the following reasons, the Court GRANTS the motions for summary judgment filed by Defendants Darby and Vienna Township, Defendants Diehl and Trumbull County and Defendants Mann and Brookfield Township. ECF Dkt. #s 36, 37, 41. The Court also SUA SPONTE GRANTS summary judgment to all Defendants on Plaintiff's Count 4, which is in essence an equal protection claim. Plaintiff had notice and an opportunity to respond to Defendants' arguments regarding equal protection; thus Plaintiff is not prejudiced by the *sua sponte* decision. Based upon the granting of

1

summary judgment for all of the Defendants on Counts 1, 2 and 4 of Plaintiff's amended complaint, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state claim remaining in Count 3. Accordingly, the Court DISMISSES Plaintiff's Counts 1, 2, and 4 with prejudice and DISMISSES Count 3 without prejudice.

**I.**     **FACTS AND PROCEDURAL HISTORY**

On October 6, 2005, Plaintiff filed an amended complaint in this Court alleging physical and emotional injuries suffered at the hands of Defendants Darby, Diehl and Mann after Defendant Darby responded to a domestic disturbance call involving Plaintiff and his wife. ECF Dkt. #28 at 4. In averring the facts of his amended complaint, Plaintiff relies upon the affidavit of his father, who had passed by the scene and stopped to attempt to help his son. *Id*. Plaintiff alleges that Defendant Darby ignored the pleas of Plaintiff's father, who had told Officer Darby that Plaintiff was deaf. *Id*. Plaintiff further avers that he was in a confused, upset and disoriented state and Defendant Darby pushed him into the backseat of the police cruiser after handcuffing him in the front of his person. *Id.* Plaintiff further alleges that after he began kicking the back of the front seat of the police cruiser and yelling, Officer Darby called for backup from other officers, and Defendants Diehl and Mann and members of a SWAT team arrived on the scene. *Id.*

Apparently quoting from his father's affidavit, Plaintiff avers that "the SWAT team members" pulled him out of the backseat and "put (Earl) on the ground still in handcuffs and strapped his legs with leather." ECF Dkt. #28 at 4. Plaintiff further avers that that the Defendants twisted his arms while he was on the ground and he was thereafter shot with a STUN gun by "a Sheriff's Department Deputy." *Id*. at 5. He further avers that Defendants Darby and Mann watched as the "assault" occurred and a Sheriff's Department Deputy yelled, "Give him another one" and he

2

was shot again with the STUN gun.  *Id.*  Plaintiff asserts that he then passed out and was thrown in the backseat of the cruiser.  *Id.*  Plaintiff alleges that he suffered physical injuries as a result of these actions, including a rotator cuff tear with impingement which required surgery and physical therapy, and he suffered emotional distress, pain and suffering and a sense of outrage.  ECF Dkt. #28 at 5.

In the first count of his amended complaint, Plaintiff alleges that "Defendants" acted with excessive force in throwing him to the ground face down while he was handcuffed in the back and then they bound his legs with a leather strap.  ECF Dkt. #28 at 5.  Plaintiff avers in Count Two that "Defendants" violated his right to equal protection under the laws by using excessive and outrageous force against a deaf individual.  *Id.* at 6.  In his third count, Plaintiff asserts claims of state law assault and battery, and Plaintiff avers in his fourth count that "[t]he actions of defendant public entities as described in §12131(1)(A)(B) of the Americans With Disabilities Act ("ADA") constitute unlawful discrimination of Plaintiff Earl C. Carroll further to §12132 of the ADA."  *Id.* at 7.

On October 17, 2005, Defendants Mann and Brookfield Township and Defendants Diehl and Trumbull County answered the amended complaint.  ECF Dkt. #s 29, 30.  On October 19, 2005, Defendants Darby and Vienna Township filed an answer to the amended complaint.  ECF Dkt. #32.

On October 31, 2005, Defendants Mann and Brookfield Township filed a motion for summary judgment.  ECF Dkt. #36.  On November 2, 2005, Defendants Diehl and Trumbull County filed a partial summary judgment motion based upon qualified immunity, and on November 14, 2005, Defendants Darby and Vienna Township filed a motion for summary judgment based upon qualified immunity.  ECF Dkt. #s 37, 41.  On December 15, 2005, Plaintiff filed an amended consolidated brief in opposition to the motions for summary judgment filed by all Defendants.  ECF Dkt. #45.  On December 19, 2005, Defendants Diehl and Trumbull County filed a reply and on

3

December 28, 2005, Defendants Mann and Brookfield Township filed their reply.  ECF Dkt. #48.

## II.    **PRELIMINARY CONSIDERATIONS**

Before considering each of the motions for summary judgment filed in this case, the Court notes two concerns with Plaintiff's amended complaint and response to the motions for summary judgment and his father's affidavit.  First, Plaintiff fails to identify the actions that Defendants Diehl and Mann took with regard to his allegations of excessive force and his other alleged violations.  In his amended complaint, Plaintiff alleges that after he was kicking the back of the front seat of Defendant Darby's police cruiser and yelling in an agitated state, Defendant Darby called for backup to the scene and three Sheriff Department SWAT team members arrived, "including defendant Deputy Diehl and BTPD [Brookfield Township Police Department] officer Mann."  ECF Dkt. #28 at 4.  Plaintiff thereafter generically refers to the actions of "Defendant SWAT team members" in alleging that the individual Defendants in this case acted with excessive force in throwing him to the ground while handcuffed, binding him with a leather strap, and tasering him while handcuffed.  ECF Dkt. #28 at 5.

Plaintiff fails to identify the roles played by Defendant Diehl and Mann.  The only specific averments with regard to each of these Defendants is Plaintiff's allegation that "Defendant officers Darby and Mann were watching as the assault occurred."  ECF Dkt. #28 at 4.  However, Plaintiff does not identify the facts that encompass this "assault."  Moreover, Plaintiff fails to allege anything at all specific against Defendant Diehl.  ECF Dkt. #28 at 5.  The affidavit of Plaintiff's father is equally nonspecific as he also uses "the SWAT team" reference generically when alleging actions taken against his son, except when he vaguely states that "[t]he SWAT team removed the handcuffs from the front to the back.  I don't remember how many were involved.  I think Diehl did most of the work."  ECF Dkt. #45, Attachment 1.  Plaintiff's father does not identify Defendant Diehl's role

4

in doing "most of the work" nor does he state whether Defendant Diehl was involved in the tasering. Neither Plaintiff nor his father identify who allegedly threw Plaintiff to the ground or who tasered him, the only incidents upon which Plaintiff bases his first two counts.  Further, Plaintiff's response to the motions for summary judgment provide no factual basis whatsoever, merely citing caselaw on the general concept of excessive force and indicating reliance upon his father's affidavit.

The Court questions whether Plaintiff could survive summary judgment based upon these deficiencies.  However, his claims do survive summary judgment at this point as Defendants Diehl and Mann both outline in their motions for summary judgment with affidavits the actions that they took with regard to restraining Plaintiff and gaining his compliance with their commands.  These Defendants contend that they are entitled to summary judgment because the actions that they took were reasonable under the circumstances.  Defendant Darby also moves for summary judgment on the basis of qualified immunity and the reasonableness of his actions, although Plaintiff fails to aver any injuries caused by Defendant Darby's alleged excessive force in throwing him into the back of the police cruiser.

The other concern that the Court has concerns a glaring factual discrepancy between Plaintiff's amended complaint allegations and the allegations in the affidavit of Plaintiff's father. Plaintiff relies upon his father's affidavit as the sole basis of support for both his amended complaint and his response to the motions for summary judgment.  In his affidavit, Mr. Carroll, Plaintiff's father, stated that he was passing by the scene and observed that:

> Earl was handcuffed *in the front*.  Officer Darby had Earl leaned over the hood of his Tracker (car) and was pointing to a white piece of paper lying on the car while Earl was in handcuffs.  Officer Darby then grabbed Earl by his arm and pushed him in the right rear back door of the cruiser while he was still in handcuffs.

ECF Dkt. #45, Attachment 1 at 2 (emphasis added).  Mr. Carroll further attests that after "the SWAT team" removed Plaintiff from the back of the cruiser, "[t]he SWAT team removed the handcuffs

*from the front to the back*." *Id.*  Yet in his amended complaint, Plaintiff evidently quotes from his father's affidavit in alleging that "[i]n the affidavit of Earl's father who was among a number of passers-by congregated, Darby arrested Earl and placed him in handcuffs ***behind his back***."  ECF Dkt. #28 at 4 (emphasis added).  Thus, Plaintiff appears to allege that his father's affidavit avers that Plaintiff was arrested and handcuffed behind his back and then pushed into the cruiser by Defendant Darby, while the affidavit actually states that Plaintiff was initially handcuffed in the front of his person and was then later taken out of the cruiser by "the SWAT team" so that his handcuffs could be removed from the front and recuffed behind his back.

Despite this discrepancy, the Court uses the affidavit of Plaintiff's father as the factual basis not only because it is a sworn affidavit, but also because Plaintiff relies upon the affidavit as his sole support for avoiding summary judgment.  Accordingly, the Court finds that Plaintiff was initially handcuffed in the front of his person and then the officers removed the handcuffs from the front and recuffed him behind his back.

The Court now turns to the motions for summary judgment.

**III.    SUMMARY JUDGMENT**

**A.    LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, Answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C).    The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion, and must identify the portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

6

which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*

477 U.S. 317, 323 (1986). The moving party can discharge this initial burden by showing that the

nonmoving party has failed to establish an essential element of the nonmoving party's case for

which he bears the ultimate burden of proof at trial. *Id.; Morales v. American Honda Motor Co.,*

*Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The Court must view the evidence submitted in a light most

favorable to the nonmoving party in order to determine whether a genuine issue of material fact

exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

      If the moving party meets this burden, then the nonmoving party must take affirmative steps

to avoid the entry of a summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must

present additional evidence beyond the pleadings. *Id.* The nonmoving party must do this by

presenting more than a scintilla of evidence in support of his position. *Anderson v. Liberty*

*Lobby, Inc*., 477 U.S. 242, 252 (1986). The Court must grant summary judgment unless sufficient

evidence exists that favors the nonmoving party such that a judge or jury could reasonably return

a verdict for that party. *Id.* at 249. The Court is not "to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails

to make a showing that is "sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial," then the Court is required to

enter summary judgment. *Celotex Corp*., 477 U.S. at 322.

    **B.**    **COLLATERAL ESTOPPEL**

      In their summary judgment motions, Defendants Diehl and Trumbull County and

Defendants Mann and Brookfield Township first assert that they are entitled to judgment as a matter

of law on Plaintiff's Counts 1 and 2, 42 U.S.C §1983 claims for excessive force and violation of

equal protection rights. ECF Dkt. #36 at 2-3; ECF Dkt. #37 at 7-9. These Defendants contend that

no constitutional violation occurred as Plaintiff had committed the crime of resisting arrest and a

valid conviction on that offense bars him from asserting insufficient probable cause to arrest or a violation of his rights pursuant to § 1983.  *Id*. at 2-3.  Defendants Diehl and Trumbull County and Defendants Mann and Brookfield Township assert that under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), Plaintiff is estopped from raising his §1983 claims because he pled guilty to the criminal offense of resisting arrest.  ECF Dkt. #36 at 4.

Defendants are correct that the United States Supreme Court has held that issues decided in a state court criminal proceeding may bar relitigation of the same issues in a § 1983 civil rights action.  However, the *Heck* Court held that relitigation is precluded only to the extent that the plaintiff sought relitigation of the same issues which were previously decided in the criminal proceeding.  512 U.S. at 486-487; *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).  In *Heck*, the Court noted that a defendant convicted for the crime of resisting arrest in state court could not bring a §1983 action against the arresting officer for excessive force because in doing so, he would be negating an element of the crime for which he had already been convicted, resisting arrest, as a common element of resisting arrest is intentionally preventing a peace officer from effecting a *lawful* arrest.  *Id.* at 487, fn.6.

The Sixth Circuit has also held that a plaintiff's §1983 claim for excessive force may be barred when he had been convicted for resisting arrest as the lawful arrest element of the resisting arrest conviction would be negated if the plaintiff succeeded on the excessive force claim.  *See White v. Ebie*, 191 F.3d 454 (Table), No. 98-3958, 1999 WL 775914 (6th Cir. Sept. 24, 1999), unpublished.  However, the Sixth Circuit has reached contrary conclusions to *White*.  In *Donovan v. Thames*, 105 F.3d 291, 295-297 (6th Cir. 1997), the Court found that a resisting arrest conviction under Kentucky law, which is similar to Ohio law, did not bar a subsequent §1983 excessive force action.  The Sixth

8

Circuit also found in *Sigley v. Kuhn*, 205 F.3d 1341 (Table), Nos. 98-3977, 99-3531, 2000 WL 145187 (6th Cir. Jan 31, 2000), unpublished, that a resisting arrest conviction from a no contest plea under Ohio law did not necessarily bar an excessive force claim under §1983.

In order to determine whether Plaintiff's conviction for resisting arrest in this case bars his instant §1983 claims of excessive force and equal protection claims, this Court reviews Ohio law, as that is the state in which the state court proceeding occurred. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Ohio law provides that:

> In order to assert collateral estoppel successfully, a party must plead and prove the following elements:
>
> (1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
>
> (2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
>
> (4) The issue must have been identical to the issue involved in the prior suit.

*Dye v. City of Warren*, 367 F.Supp.2d 1175 at 1184-1185 (N.D.Ohio 2005)*, citing Monahan v. Eagle Picher Indus., Inc.,* 21 Ohio App.3d 179, 486 N.E.2d 1165, 1168 (1984); *see also Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978, 981 (1983). *Wallace v. Mamula,* 30 F.3d 135, 1994 WL 389197 (6th Cir.1994); *Walker v. Schaeffer,* 854 F.2d 138, 143 (6th Cir.1988). Ohio law also includes as an element of the offense of resisting arrest that the prosecution prove that the arrest was lawful. *Ebie,* 1999 WL 775914 at *1, citing *Ohio v. Hendren,* 674 N.E.2d 774, 776 (Ohio Ct.App.1996). If the arresting officer used excessive force in

9

effectuating an arrest, the arrest is not lawful under Ohio law.  *Id.*

Here, the undersigned finds that Plaintiff's no contest plea to resisting arrest does not bar his §1983 excessive force and equal protection claims.  First, contrary to Defendants' assertions, Plaintiff does not argue that Defendants lacked probable cause to arrest him.  Thus, Defendants' arguments relating to probable cause are not applicable.  Further, Plaintiff entered no contest pleas to the charges and therefore it is questionable whether the issue of a lawful arrest was fully litigated as to require preclusion of relitigation.  It is also questionable whether the Girard Municipal Court made any factual determinations relevant to the excessive force and violation of equal protection claims or the legality of Defendants' conduct. *See Donovan v. Thames,* 105 F.3d 291, 295-297 (6th Cir. 1997); *Sigley v. Kuhn*, 205 F.3d 1341 (Table), Nos. 98-3977, 99-3531, 2000 WL 145187 (6th Cir. Jan 31, 2000), unpublished; *Dye,* 367 F.Supp.2d at 1184-1185.

In addition, it could be argued that Plaintiff's allegations concern unconstitutional conduct that occurred at a distinct point *after* he was actually arrested.  ECF Dkt. #28 at 4; *see Jones v. Marcus*, 197 F.Supp.2d 991, 1005-1006 (S.D. Ohio 2002).  Plaintiff alleges no  unconstitutional conduct up to the point of actually being arrested and handcuffed by Defendant Darby.  It is only after the arrest that Plaintiff alleges unconstitutional conduct which he avers began after he kicked the back of the front seat of the cruiser and continued yelling "in an agitated state".  Thus, based upon the limited record before the Court at this time, it appears that Plaintiff is not asserting that his actual arrest was unlawful or conducted with excessive force, but rather, Plaintiff is alleging that the actions taken after his arrest while he was detained were unlawful.

Accordingly, the Court rejects Defendants Diehl and Trumbull County and Defendants Mann and Brookfield Township's first assertion on summary judgment that Plaintiff's criminal conviction

10

and plea preclude his instant §1983 claims.

## C.      QUALIFIED IMMUNITY AND COUNT I EXCESSIVE FORCE

Defendants Darby, Diehl and Mann each assert that they are entitled to qualified immunity as to Plaintiff's §1983 claim of excessive force to the extent that they are sued in their individual capacities. ECF Dkt. #36 at 3-8; ECF Dkt. #37 at 9-18; ECF Dkt. #41 at 5-8. Each of these Defendants contends that none of their actions constituted constitutional violations and no clearly established law existed at the time stating that their actions were unconstitutional. *Id.* Proceeding on the basis that their employees are entitled to qualified immunity, Defendants Vienna Township, Trumbull County, and Brookfield Township also move for summary judgment, contending that the lack of proof of a constitutional violation by the individual Defendants and Plaintiff's inability to otherwise establish a custom or policy of using excessive force relieves them of any liability under §1983. ECF Dkt. #s 36, 37, 41.

42 U.S.C. § 1983 provides a cause of action against any person, who, under color of state law, deprives an individual of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, officials who are sued in their individual capacities are protected from liability for damages if their alleged wrongful conduct was committed while they performed a function protected by qualified immunity. *Cagle v. Gilley*, 957 F.2d 1347, 1348 (6th Cir. 1992).

Qualified immunity protects government officials performing discretionary functions as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1981). In order

to assert a violation of a "clearly established" right and defeat a qualified immunity defense, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  "The relevant inquiry focuses on whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions." *Poe v. Haydon*, 853 F.2d 418, 423-24 (6th Cir. 1988).

There is a two-step inquiry into a qualified immunity analysis.  The first step is to determine whether "the plaintiff has demonstrated the violation of a constitutionally protected right." *Guest v. Leis*, 255 F.3d 325, 332 (6th Cir. 2001), citing *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir. 1996).  This initial inquiry requires the Court to determine whether the facts alleged, taken in a light most favorable to the party alleging injury, show that the official violated a constitutional right.  *Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001).  Even if Plaintiff establishes his allegations, if no constitutional right had been violated, then qualified immunity applies and there is no need to proceed further in the qualified immunity process.  *See id.*  If a constitutional violation is found to exist, the Court must then determine "whether the right is so clearly established that a reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640.  This determination is made in light of the specific context of the case.  *See Saucier,* 121 S. Ct. at 2156.  To demonstrate that a right was clearly established, a plaintiff can draw from Supreme Court precedent, precedent from this Court, or cases from other courts which "point unmistakably to the unconstitutionality of the conduct and [are] so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional." *Mumford v. Zieba*, 4 F.3d 429, 432-33 (6th Cir. 1993).

12

The Court uses an "objective reasonableness" standard to determine whether a government official would believe that a right is clearly established. *See Long v. Norris*, 929 F.2d 1111, 1115 (6th Cir. 1991), *abrogated on other grounds as recognized in Virgili v. Gilbert*, 272 F.3d 391, 395 (6th Cir. 2001). This standard "focuses on whether an official, given the facts that the official knew or reasonably should have known about the situation, should have known that his or her particular conduct would not pass scrutiny when applied to the law." *Id.* (citations omitted). The Court must analyze claims of qualified immunity on a fact-specific, case-by-case basis to determine whether the constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendant's position would understand that what he was doing violates those rights. *Anderson,* 483 U.S. at 640. It is the plaintiff who must ultimately shoulder the burden of proof to establish that a defendant is not entitled to qualified immunity. *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir.1991). It is the jury, not the court, who decides factual disputes. However, the Court determines the application of qualified immunity to the facts because it is a question of law. *Jones v. City of Youngstown*, 980 F.Supp. 908, 913 (N.D. Ohio 1997), citing *Finnegan v. Fountain*, 915 F.2d 817 (2nd Cir.1990).

With the summary judgment standard in mind, the undersigned reviews the instant summary judgment motions. Plaintiff meets the first requirement of his § 1983 claims because no one disputes that Defendants Darby, Mann and Diehl were acting under color of state law when they arrested and detained Plaintiff. However, each of these individual Defendants presents arguments asserting that Plaintiff cannot show that any of them violated a constitutionally protected right. The Court will address each individual Defendant's argument in turn.

13

**1.      DEFENDANTS DARBY AND VIENNA TOWNSHIP**

It appears from the amended complaint and the affidavit of Plaintiff's father that the only unconstitutional act that Plaintiff alleges against Defendant Darby concerns the officer's act of pushing Plaintiff into the backseat of the cruiser after he handcuffed Plaintiff.  Plaintiff does not allege that Defendant Darby was one of the officers that engaged in the acts of throwing Plaintiff to the ground or tasering him.  ECF Dkt. #28 at 5 ("Defendant officers Darby and Mann were watching as the assault occurred.").  Thus, this Court will address Defendant Darby's motion for summary judgment only in the context of whether he is entitled to qualified immunity for the act of pushing Plaintiff into the back of the police cruiser.  ECF Dkt. #28 at 4; ECF Dkt. #45, Attachment 1.

Defendant Darby asserts that he is entitled to qualified immunity against Plaintiff's excessive force claim.  ECF Dkt. #41 at 8.  Defendant Darby maintains that his action of pushing Plaintiff into the back of his police cruiser does not rise to the level of excessive force because the amount of force that he used was reasonable under the circumstances.  *Id*.

The Court agrees that Defendant Darby is entitled to qualified immunity from Plaintiff's first count of his amended complaint.  In determining that which constitutes a reasonable seizure under the Fourth Amendment, the United States Supreme Court has held:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake···· Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight ···

14

··· With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances

 confronting them ···

*Graham v. Connor,* 490 U.S. 386, 396-97, 109 S. Ct. 1865, 1871-72, 104 L. Ed.2d 443 (1989) (internal citations and quotations omitted).

The Court finds that Plaintiff has not met his reciprocal burden on summary judgment of establishing that a genuine issue of material fact exists that the alleged push in this case by Defendant Darby constituted unreasonable force.  In order for a plaintiff to survive a motion for summary judgment on an excessive force claim under §1983, he must show specific facts demonstrating that the police officer acted unreasonably.  *Smith v. Freland*, 954 F.2d 343, 345 (6th Cir. *cert. denied*, 504 U.S. 915 (1992)).  Plaintiff himself admits that he was "confused, upset, and disoriented..." at the time of the alleged pushing and Plaintiff fails to provide any affirmative showing that the alleged push by Defendant Darby was excessive or resulted in any injury.  ECF Dkt. #28 at 4.  In fact, Plaintiff's amended complaint fails to discuss any injury whatsoever resulting from this alleged push by Defendant Darby.  Instead, Plaintiff concentrates his excessive force claim on "Defendants[']" acts of throwing him to the ground while handcuffed and tasering him while allegedly handcuffed with his legs bound together.  *Id*. at 5.  Plaintiff does not allege that Defendant Darby was one of the officers that engaged in any of these acts as Plaintiff avers in his amended complaint that Defendant Darby was 'watching as the assault occurred." *Id.*  Moreover, Plaintiff provides no additional information in his response to Defendant Darby's motion for summary

15

judgment.  He fails to provide any factual analysis whatsoever to meet his reciprocal burden on summary judgment, except to state that he is relying upon the affidavit of his father.  This affidavit does not aid Plaintiff in meeting his reciprocal burden on summary judgment.  Because Plaintiff has failed to provide "proof indicating he did not resist...or any facts demonstrating that the force used to subdue him was excessive," the Court finds that Defendant Darby is entitled to qualified immunity from Plaintiff's first count of his amended complaint.  *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616 (E.D. Tenn. Dec. 12, 2005)(dismissing excessive force claim after finding that Plaintiff responded to summary judgment motion on qualified immunity with only vague and conclusory allegations of excessive force and he failed to provide any proof or detail surrounding the incident complained of or the unreasonableness of the officers' force against him).

For these reasons, the Court finds that Defendant Darby is entitled to qualified immunity from Plaintiff's first §1983 count alleging that he violated Plaintiff's rights by using excessive force.  Accordingly, the Court GRANTS Defendant Darby's motion for summary judgment and dismisses Plaintiff's first count against Defendant Darby with prejudice.  ECF Dkt. #41.

Because the Court finds that Plaintiff failed to establish a constitutional violation by Defendant Darby in his individual capacity, the Court also grants summary judgment to Defendant Vienna Township on Plaintiff's excessive force count against it.  ECF Dkt. #41.  Plaintiff fails to identify the legal theory under which he sues Defendant Vienna Township, but a municipality cannot be held liable under §1983 based upon the theory of respondeat superior.  *Bennett v. City of Eastpointe*, 410 F.3d 810, 818, citing *Monell v. Dept. of Soc. Servs. of the City of New York,* 436 U.S. 658, 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978).  A government entity incurs liability under § 1983 only when its failure to train or its specific policy has served as the "moving force" behind an underlying constitutional violation.  *Monell,* 436 U.S. at 658; *City of Canton v. Harris,* 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989) (stating that failure to train would not lead

municipal liability unless the plaintiff could prove that "deficiency in training actually caused the police officers' indifference to her medical needs").

Since Plaintiff has failed to establish a constitutional violation by Defendant Darby, Defendant Vienna Township cannot be held liable under §1983 for a failure to better train its officers or having a policy of using excessive force. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L.Ed.2d 806 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Hancock v. Dodson,* 958 F.2d 1367, 1376 (6th Cir. 1992)("Because the only city police officer present committed no constitutional violation, the city cannot be liable for failure to train its police officers."); *Barber v. City of Salem,* 953 F.2d 232, 240 (6th Cir. 1992) (holding that when individual police officer was not deliberately indifferent to detainee's medical needs, the municipality could not be held liable for failing to better train officers to detect such needs).

### 2.    DEFENDANTS DIEHL AND TRUMBULL COUNTY

Defendant Diehl also moves for summary judgment on the basis of qualified immunity. ECF Dkt. #37. Defendant Diehl contends that he is entitled to qualified immunity because he used reasonable force in removing Plaintiff from the back of the police cruiser and taking him to the ground in order to move his handcuffs from the front of his person to behind his back. *Id.* at 2. Defendant Diehl maintains that upon his arrival on the scene, he observed Plaintiff in the back of Defendant Darby's police cruiser "thrashing about and kicking and banging his head into the rear portion of the cruiser's front seat and safety cage[.]" ECF Dkt. #38. Defendant Diehl attests that he and other officers decided to remove Plaintiff from the back of the cruiser due to his violent behavior in order to cuff him behind his back as Defendant Darby had originally handcuffed Plaintiff

17

in the front before placing him into the cruiser because the officer was unable to cuff him behind his back before backup arrived. *Id.* at 2. Defendant Diehl further states that he and other officers decided to remove Plaintiff from the police cruiser to recuff him so that he would not be a threat of harm to himself or to Defendant Darby when Defendant Darby transported him to the jail. *Id.* Defendant Diehl asserts that when he removed Plaintiff from the police cruiser to recuff him, Plaintiff continued to thrash about and resist his efforts and as a result, Defendant Diehl and other officers decided to take Plaintiff to the ground. *Id.* Defendant Diehl states that when Plaintiff was lying on the ground on his stomach, he rolled Plaintiff over onto his right side so that he could recuff him behind his back, but when he removed the cuffs from the front of Plaintiff's person, Plaintiff lifted his left arm and again began violently thrashing about and resisting. *Id.*

Defendant Diehl has met his initial burden on summary judgment of pointing the Court to the basis of his motion. Thus, the burden shifts to Plaintiff to come forth with specific facts demonstrating that Defendant Diehl acted unreasonably in order to survive summary judgment on an excessive force claim. *Smith,* 954 F.2d at 345. The Court looks to the *Graham* analysis in order to determine that which constitutes a reasonable seizure under the Fourth Amendment. 490 U.S. at 396-97. Plaintiff mentions no facts in his response to the motion for summary judgment contradicting Defendant Diehl's affidavit attestations and neither he nor his father state Defendant Diehl's role beyond Mr. Carroll's attestation that Defendant Diehl "did most of the work." ECF Dkt.#45, Attachment 1. It is Defendant Diehl who admits that he removed Plaintiff from the cruiser and forced him to the ground after Plaintiff continued to thrash about and resist.

Besides merely relying upon his father's affidavit, Plaintiff provides no evidence to raise a genuine issue of material fact to counter Defendant Diehl's attestations that Plaintiff was thrashing about and resisting the efforts of Defendant Diehl and the other officers when Plaintiff was taken out of the cruiser in order to be recuffed behind his back. In Mr. Carroll's affidavit, he states that

18

Plaintiff was pulled out of the cruiser and thrown face down on the ground while still in handcuffs and then officers recuffed Plaintiff from the front to behind his back.  ECF Dkt. #45, Attachment 1. Moreover, Plaintiff fails to provide any support for a finding that Defendant Diehl's actions in this instance were unreasonable or that he was violating a clearly established constitutional right with his actions.  Because Plaintiff has failed to provide "proof indicating he did not resist...or any facts demonstrating that the force used to subdue him was excessive," the Court finds that Defendant Diehl is entitled to qualified immunity from Plaintiff's first count of his amended complaint.  *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616 (E.D. Tenn. Dec. 12, 2005)(dismissing excessive force claim after finding that Plaintiff responded to summary judgment motion on qualified immunity with only vague and conclusory allegations of excessive force and he failed to provide any proof or detail surrounding the incident complained of or the unreasonableness of the officers' force against him).

Because the Court has found that Defendant Diehl is entitled to qualified immunity as to Plaintiff's first count alleging excessive force, the Court also grants summary judgment in favor of Defendant Trumbull County.  ECF Dkt. #37.  As with Defendant Vienna Township, Plaintiff fails to identify the legal theory under which he sues Defendant Trumbull County.  However, a municipality cannot be held liable under §1983 based upon the theory of respondeat superior. *Bennett,* 410 F.3d at 818, citing *Monell,* 436 U.S. at 658.  A government entity incurs liability under § 1983 only when its failure to train or its specific policy has served as the "moving force" behind an underlying constitutional violation. *Monell,* 436 U.S. at 658; *Harris,* 489 U.S. at 391.  Since Plaintiff has failed to establish a constitutional violation by Defendant Diehl, Defendant Trumbull County cannot be held liable under §1983 for a failure to train its officers or having a policy of using excessive force.  *Monell,* 436 U.S. at 658; *Harris,* 489 U.S. at 391; *Heller,* 475 U.S. at 799; *Barber,* 953 F.2d at 240.

### 3. **DEFENDANTS MANN AND BROOKFIELD TOWNSHIP**

Defendant Mann also argues that he is entitled to summary judgment because his actions in tasering Plaintiff did not constitute excessive force.  ECF Dkt. #36 at 2-8.  Defendant Mann asserts that he is entitled to qualified immunity on Plaintiff's excessive force claim because his actions were reasonable in order to prevent injury to Plaintiff and to those around him as Plaintiff was struggling with officers and resisting their attempts to try to recuff him behind his back.  *Id*. at 8.

As already found above, Plaintiff's amended complaint, his father's affidavit, and his response to Defendant Mann's motion for summary judgment are lacking.  Plaintiff mentions no facts in his response to the motions for summary judgment and he does not clarify any of his complaint allegations or the identity of the particular Defendant or Defendants who committed each alleged unconstitutional act against him.  In his amended complaint, Plaintiff quotes from his father's affidavit in averring that "[t]he *defendant SWAT team members* then put (Earl) on the ground still in handcuffs and strapped his legs with leather", then the "*SWAT team* twisted his arms, one worse than the other," when they tore the rotator cuff, and then "[f]ollowing same and on the ground face down handcuffed behind his back and his legs bound by a leather strap, Earl was next shot with a STUN gun *by a Sheriff's Department Deputy*."  ECF Dkt. #28 at 4-5 (emphasis added). It thus appears evident to the Court that Plaintiff's amended complaint, response to the motion for summary judgment, and his father's affidavit fail to allege any unconstitutional conduct specifically on the part of Defendant Mann as these documents refer only to the generic "defendant SWAT team members" as engaging in unconstitutional conduct.  ECF Dkt. #28 at 5; ECF Dkt. #45; ECF Dkt. #45, Attachment 4.  In fact, Plaintiff's only specific averment against Defendant Mann avers in his amended complaint that "Defendant officers Darby and Mann were watching as the assault occurred."  ECF Dkt. #28 at 5.

While the Court would otherwise question whether this case could proceed based upon Plaintiff's very bare allegations of identity and action and his lack of clarification in his response to the motion for summary judgment, Defendant Mann admitted in his affidavit attached to his motion for summary judgment that he tasered Plaintiff.  ECF Dkt. #6, Attachment 4.  Defendant Mann did not, however, admit that he was involved in pulling Plaintiff out of the police cruiser and forcing him to the ground.  While Defendant Diehl attests in his affidavit that Defendant Mann was involved in the removal of Plaintiff from the cruiser and taking him down to the ground, neither Defendant Mann nor Plaintiff or his father made such an allegation.  Accordingly, the Court will only consider Defendant Mann's tasering of Plaintiff for purposes of Defendant Mann's motion for summary judgment.

The Court concludes that Defendant Mann is entitled to qualified immunity with regard to the tasering of Plaintiff.  Defendant Mann asserts on summary judgment that during his six-minute time at the scene, he tasered Plaintiff because he was thrashing about and resisting after officers removed the handcuffs from the front of Plaintiff's person in order to recuff him behind his back.  Defendant Mann stated that he and the other officers were concerned that Plaintiff could harm himself or harm others if they did not cuff Plaintiff behind his back as he observed Plaintiff continue to flail, kick and bang his head against the back of the police cruiser while he was seated in the back of Defendant Darby's police car handcuffed in the front of his person.  ECF Dkt. #36, Attachment 4.  Again, as explained above, the Court assumes the fact that Plaintiff was initially handcuffed in the front of his person because Plaintiff's father makes this assertion in his sworn affidavit, and Plaintiff relies upon this affidavit in both his amended complaint and in his response to the motion for summary judgment.  ECF Dkt. #28 at 4; ECF Dkt. #45, Attachment 1.  Defendant Mann further attested that when they decided to remove Plaintiff from the back seat in order to cuff him behind his back, Plaintiff continued to resist and officers therefore forced him to the ground.  Defendant

Mann further stated that when they removed his handcuffs from the front, Plaintiff lifted his left arm and thrashed about again, so he decided to taser Plaintiff in order to gain his compliance so that he could be handcuffed behind his back without injury to himself or to the officers. *Id.*

The reciprocal burden on summary judgment thus shifts to Plaintiff to show some evidence that Defendant Mann is not entitled to summary judgment based upon qualified immunity.  In his response to this motion for summary judgment, Plaintiff provides law on general excessive force and he singlehandedly relies on the affidavit of his father.  Plaintiff's father attests in his affidavit that when Plaintiff was tasered two times, he was already handcuffed from behind and his legs were bound with a leather strap.  ECF Dkt. #28 at 5, ECF Dkt. #45, Attachment 1.

Clearly, the issue of whether Plaintiff was handcuffed when tasered and/or resisting while being recuffed is in dispute.  However, Plaintiff nevertheless fails to meet his reciprocal burden on summary judgment as he fails to cite to any law involving the tasering of a suspect, handcuffed or not handcuffed, and the reasonableness or unreasonableness of the tasering and whether the law on tasering and its circumstances is clearly established  under either of these conditions.  He also fails to raise a genuine issue of material fact that he was not resisting arrest as Defendant Mann asserts, whether he was handcuffed or not handcuffed.  Plaintiff and his father provide no information relating to the circumstances at the scene, but insufficiently assert that Plaintiff was tasered twice while he was on the ground handcuffed with his legs bound.  Plaintiff's deficiencies in this case are similar to those found in *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616 (E.D. Tenn. Dec. 12, 2005), a case in which the federal court granted summary judgment on the excessive force claims based upon qualified immunity because:

> Plaintiff's vague and conclusory allegations of excessive force, absent any discussion or explanation of the relevant facts surrounding his arrest, in his complaint and response to the motion for summary judgment does not preclude entry of summary judgment on his excessive force claim.

The court held that even viewing the facts in the light most favorable to the plaintiff, and presuming that he had established that the officers had used excessive force, the plaintiff had still failed to establish that the law at the time of his arrest clearly established that the specific force used by the officers against him violated the Constitution. *Id*. at *10.

Not only does Plaintiff in this case fail to establish that he was not resisting at the time that he was tasered, but he also fails to establish that Defendant Mann's actions in tasering him were unreasonable and whether the law at the time of this incident clearly established that his actions violated the Constitution. Accordingly, the Court GRANTS Defendant Mann's motion for summary judgment on this claim. ECF Dkt. #36.

Reasons already identified in granting summary judgment in favor of Defendants Vienna Township and Trumbull County also lead the Court to grant summary judgment in favor of Brookfield Township. *See supra*. Because the Court grants summary judgment to Defendant Mann in his individual capacity, the Court must also grant summary judgment to Defendant Brookfield Township on Plaintiff's § 1983 excessive force claim. ECF Dkt. #36. As with Defendants Vienna Township and Trumbull County, Plaintiff fails to identify the legal theory under which he sues Defendant Brookfield Township, but a municipality cannot be held liable under §1983 pursuant to respondeat superior. *Bennett*, 410 F.3d at 818, citing *Monell*, 436 U.S. at 658. A government entity incurs liability under § 1983 only when its failure to train or its specific policy has served as the "moving force" behind an underlying constitutional violation. *Monell*, 436 U.S. at 658; *City of Canton v. Harris*, 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Because the Court finds that Plaintiff did not establish that Defendant Mann committed a constitutional violation or that he violated a clearly established law at the time of the incident, Defendant Brookfield Township cannot be held liable under §1983 for a failure to train its officers or having a policy of using excessive force. *Monell*, 436 U.S. at 658; *Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 103 L.Ed.2d

412 (1989); *Heller*, 475 U.S. at 799; *Hancock*, 958 F.2d at 1376; *Barber*, 953 F.2d at 240.

> **D**.      **COUNTS TWO AND FOUR--EQUAL PROTECTION AND AMERICANS WITH DISABILITIES ACT (ADA)**

In the second count of his amended complaint, Plaintiff attempts to set forth claims of equal protection violations by Defendants Darby, Diehl and Mann, individually, and by their respective employers, Defendants Vienna Township, Trumbull County and Brookfield Township.  ECF Dkt. #28 at 6.  Plaintiff phrases his equal protection claims as:

> 45.  The actions of Defendants in the excessive and outrageous force used against a deaf and inaudible disabled individual who could not hear their words, constitute a violation of Plaintiff['sic]s Fourteenth Amendment right to equal protection of the laws.
>
> 46.  At no time during the assaulting conduct described was an interpreter called.
>
> 47.  As a direct and proximate result of the actions of Defendants, Plaintiff suffered physical injuries, physical and emotional pain and suffering and other injuries.

*Id*.  Defendants Darby and Vienna Township and Defendants Diehl and Trumbull County move for summary judgment on this count, asserting that they are entitled to qualified immunity.  ECF Dkt. #s 37 at 17-18; ECF Dkt. #41 at 3.  Defendants Mann and Brookfield Township do not specifically move for summary judgment on Plaintiff's second count, although they do state that they are moving for summary judgment on all of Plaintiff's §1983 claims, which encompass only the first and second counts of Plaintiff's amended complaint.  ECF Dkt. #36; ECF Dkt. #48 at 5.

The Equal Protection Clause of the United States Constitution bars the government from discriminating in such a way that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir.2005).  Upon review of the second count of Plaintiff's amended complaint, it appears that Plaintiff does not argue a violation

of a fundamental right or that he was treated differently than others similarly situated.  Rather, it appears that Plaintiff tries to assert that officers violated his equal protection rights due to their excessive force against him because he was deaf.  However, persons with hearing disabilities are not a suspect class for equal protection purposes.  *See Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 812 (6th Cir. 2002), citing *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, 148 L.Ed.2d 866 (2001).  Moreover, Plaintiff provides no law or factual basis in his response to the motion for summary judgment in order to clarify or solidify his equal protection claim, despite Defendants' motions for summary judgment on this claim.  And to the extent that he reiterates an excessive force claim based upon his disability, the Court has already granted summary judgment to all Defendants on Plaintiff's Count I excessive force claims.

Because Plaintiff has failed to meet his reciprocal burden on summary judgment in establishing a violation of his equal protection rights, the Court GRANTS Defendants' motions for summary judgment on Plaintiff's second count of his amended complaint.  ECF Dkt. #s 36, 37, 41.

The Court also *sua sponte* grants summary judgment in favor of Defendants on Plaintiff's fourth count of his amended complaint.  Plaintiff's fourth count is captioned as an ADA claim and Plaintiff avers the following in that claim:

> 53.  The actions of defendant public entities as described in §12131(1)(A)(B) of the Americans With Disabilities Act ("ADA") constitute unlawful discrimination of Plaintiff Earl C. Carroll further to §12132 of the ADA.

> 54.  At no time was Plaintiff afforded a person conversant with sign language or reading lips in the absence of excessive force leveled and resultant injuries suffered.

> 55.  At no time was the father, present at the scene, allowed to communicate or intercede in communication with his son to better sever[sic] the equal administration of justice.

56. Similarly situated individuals not members of the protected class would not have been so mistreated in the arrest and detention process but would have been given the opportunity to voice their explanation and respond to questions duly put.

57. As a direct and proximate result of the actions of Defendants, Plaintiff Earl C. Carroll suffered physical injuries, physical and emotional pain and suffering and other injuries and same are expected to continue into the future.

*Id.* at 7.

None of the Defendants have moved for summary judgment on Plaintiff's fourth count. However, upon review of Plaintiff's allegations, the Court finds that this count sounds in equal protection and not as a violation of the ADA. Plaintiff appears to argue in this count that Defendants treated him differently than an arrested and detained individual who could hear. Plaintiff explained that Defendants violated the ADA by not allowing him the opportunity to communicate his thoughts and explanations in his arrest and detention because the officers did not provide him with an interpreter so that he could do so. ECF Dkt. #28 at 7. Plaintiff avers that he was mistreated because he was deaf and not afforded an interpreter. *Id.*

The Court realizes that "a district court does not have sweeping authority to enter summary judgment at any time, without notice, against any party." *Doyle v. City of Columbus,* 120 Fed. Appx. 560, 564-565 (6th Cir. 2004), quoting *Employers Ins. of Wausau v. Petroleum Specialties, Inc.,* 69 F.3d 98, 105 (6th Cir. 1995). "[B]efore summary judgment may be granted against a party, Fed.R.Civ.P. 56(c) mandates that the party opposing summary judgment be afforded [ten days] notice and a reasonable opportunity to respond to all issues to be considered by the court." *Doyle,* 120 Fed. Appx. at 565, quoting *Routman v. Automatic Data Processing, Inc.,* 873 F.2d 970, 971 (6th Cir.1989). When a court fails to abide by the notice requirement, the court is deprived "of authority to grant summary judgment, unless the opposing party has waived this requirement, or there has been no prejudice to the opposing party by the court's failure to comply with this provision of the

rule." *Doyle,* 120 Fed. Appx. at 565, quoting *American Road Serv. Co. v. Consol. Rail Corp.,* 348 F.3d 565, 567 (6th Cir. 2003)(quotations and citations omitted).  The Court may *sua sponte* grant summary judgment "so long as the losing party was on notice that it had to come forward with all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court." *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005), quoting *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d  926, 931 (6th Cir. 2000).

Here, while Defendants did not precisely move for summary judgment on the fourth count, the Court finds that Plaintiff is not prejudiced by the *sua sponte* granting of summary judgment on this claim because Plaintiff's fourth count is essentially an equal protection claim and Plaintiff had a full and fair opportunity to respond to Defendants' motion for summary judgment on equal protection, which was listed as Count Two of his amended complaint.  However, as with his other claims before this Court on summary judgment, Plaintiff filed a response to the motions for summary judgment but failed to even mention the equal protection claim in any manner.  Plaintiff presents no factual or legal basis surrounding his equal protection claim as he only cites to caselaw relating to the use of excessive force, which has already been addressed by this Court.  Thus, Plaintiff had a reasonable opportunity to respond to Defendants' motion for summary judgment on Plaintiff's equal protection, but Plaintiff failed to meet his reciprocal burden on summary judgment of establishing the viability of such a claim or his legal or factual basis relating to a claim of equal protection violation.

For these reasons, the Court GRANTS summary judgment *sua sponte* in Defendants' favor on Count Four of Plaintiff's amended complaint.

### IV.    PLAINTIFF'S STATE LAW CLAIM

Plaintiff also brings a claim pursuant to Ohio law for assault and battery against all

Defendants in Count Three of his amended complaint.  However, because the undersigned has determined that Defendants are entitled to summary judgment on all of Plaintiff's federal claims against them, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claim and dismisses this claim without prejudice.  28 U.S.C. § 1367(c)(3); *see Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997).

## V.     CONCLUSION

Based upon the foregoing, the undersigned GRANTS Defendants' motion for summary judgment on Counts 1 and 2 of Plaintiff's amended complaint and DISMISSES these federal claims with prejudice at Plaintiff's cost.  ECF Dkt. #s 36, 37, 41.  The Court further *sua sponte* GRANTS summary judgment in favor of all Defendants on Count 4 of Plaintiff's amended complaint and DISMISSES this federal claim with prejudice at Plaintiff's cost.  And finally, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claim in Count 3 because summary judgment has been granted to Defendants on all of Plaintiff's federal claims.  The Court therefore dismisses this claim as well, but without prejudice.

IT IS SO ORDERED.

SIGNED and ENTERED on this 25th  day of April, 2006.


 *J/s/George  J.  Limbert*
GEORGE J. LIMBERT
United States Magistrate Judge